Move to the fifth case this morning, United States v. Thompson. Please be seated. Ms.Sbergu May I please the court and the council. My name is Susan Pablo and I represent Appellant Jimmy Thompson. The crux of this case is deciding what to do when the legislature passes a statute, the judiciary then declares that statute unconstitutional, but the executive is still using that statute in enforcement against one of its citizens. In allowing that to occur here, the government and the district court both rely heavily on the Lewis case, and I'm asking the court to consider taking a closer look at Lewis and its applicability to prior statutes that have been declared void ab initio. The predicate felony in this particular case was a state court UUW statute, unlawful use of a weapon, that was declared unconstitutional. It's the only prior conviction that makes Mr. Thompson a felon. In declaring that statute unconstitutional, the Illinois Supreme Court declared it void ab initio, which, given its plain meaning, is as if it never existed. That's a little bit different than what occurred in Lewis. In the Lewis case, the defendant challenged his underlying conviction because he was unrepresented by counsel. He wasn't challenging the underlying conduct or the fact that he engaged in criminal conduct, and that's a reason to distinguish Lewis from the particular facts of this case. Another area of Lewis that the government relies heavily on is the legislative intent, and when the legislature passes the gun statutes, they operate under the idea that certain people who are people, rather, who engage in certain conduct should not be allowed to possess a gun. And in Lewis, that's quite evident because even though he alleged that he was unrepresented at the prior case, he still engaged in the conduct that the legislature deemed inappropriate for gun possession. That's not the case when the statute is declared void ab initio. It's as if it never existed. But in allowing that conviction in this case to serve as a predicate felony, it places an undue burden on citizens, particularly Mr. Thompson, for a couple reasons. One, someone like Mr. Thompson would have no idea that the prior conviction was declared void ab initio, so he wasn't given any notice that he could go, in essence, undo his prior conviction. An alternative theory is also that even if he had heard that it was declared void ab initio and you believe those words have its plain meaning as if it never existed, he would assume that there was nothing further for him to actually do or pursue in order to vacate the prior conviction or to undo it. And it's the plain meaning of the term void ab initio that I'm asking the court to take a look at and the doctrine and find that Lewis isn't necessarily applicable in cases like this. The guidelines recognize this concept. In applying a defendant's prior unconstitutional conviction in calculating a guideline range, without question they don't count it, and a defendant doesn't have to vacate it, doesn't have to expunge it, doesn't have to happen before the prior offense. The guidelines determine that that is not something that can be used in calculating the range. It is inconsistent, and I would submit inherently unfair, to then allow that same prior conviction to serve as a predicate felony. If there are no questions, I'd like to reserve the remainder of my time for rebuttal. Are there any other cases related, not just Lewis, that have relied on Lewis that would be similar to this one? There are, and there are cases, as I cited and acknowledged in my brief. There's the Lee case and the Wallace case and the Westcott case out of this circuit. But in those particular cases, in Lee, the defendant tried to expunge his prior conviction after the arrest, but before the sentencing or before the trial. And this court indicated that he couldn't do that because it wasn't done prior to the arrest. But again, in Lee, the entire statute was not declared void ab initio. It's different. He's just saying that the way he obtained that prior conviction was unlawful or shouldn't be counted because he expunged it. And, you know, similar in Westcott. In Westcott, the defendant indicated that I shouldn't be held to my prior conviction because the order of protection, which prohibited him from firearm possession, was unlawfully obtained. He's not saying the entire idea of orders of protection are somehow unlawful, and that's why those cases are distinguishable. And finding something void ab initio is a very rare doctrine that courts use. And because of that, it's certainly not going to open the floodgates to all sorts of issues or, you know, post-litigation by defendants. It's very specific and very rare. But it's also very clear that void ab initio means as if it never existed and it should be treated as such. Even in this case, the government certainly has other avenues if they believe Mr. Thompson violated other types of statutes. They are not without recourse. They could have indicted him under other firearms laws. The statute book gets thicker every year. You know, for example, they could have charged him with possessing the gun without a Floyd card, but they didn't do that here. It was a single count of being a felon in possession. Knowing that prior felony is void ab initio, I submit, is inherently unfair to charge a citizen with. And I'd ask you respectfully to reconsider that, and I'm going to save my time for rebuttal if I may. Okay. Thank you. Thank you. Your Honors. Counsel Spence focuses the whole argument on void ab initio. First of all, all the case laws we cite in our brief is contrary to her position, including using expungement and void ab initio. But focusing on that doctrine, that doctrine comes, she's using it from Illinois law. In United States v. Aguilar's Supreme Court of Illinois decision that said that this statute, the AUUW statute, under which defendant was initially convicted in 2013, held it was unconstitutional. And as this court has recognized under Illinois law, when a statute is held unconstitutional, it's held void ab initio from the beginning. So in United States v. McFadden, 2016 decision by the Illinois Supreme Court, they were presented with this exact scenario. A defendant had been convicted under the AUUW statute. Then Aguilar held it unconstitutional. Then the same defendant had been prosecuted under Illinois law for being a felon in possession. Exact same case as we have here, except it's a federal prosecution instead of a state prosecution for being a felon in possession. Defendant McFadden presented the exact same argument that's being presented here. Said, Your Honors, void ab initio. My conviction is void ab initio. Therefore, I can't be a felon. Because that first felony conviction should have never existed. And the Supreme Court of Illinois said no, that is not what void ab initio means. What void ab initio means, Mr. McFadden, Mr. Thompson, is you can go back to Illinois State Court and get your original conviction voided. No questions asked. Because that statute was unconstitutional, you can go back and you can have your original conviction expunged. What you cannot do is just say unilaterally and automatically, I can now go possess a gun. I am no longer a felon. Because you remain a felon until a court of law declares you not a felon. And therefore, if you go and you possess a gun, you are still a felon in possession. And that's exactly what they did in McFadden. So reliance on a state court, essentially ab initio, and relied on here as a state court doctrine, the Illinois Supreme Court says no. And it's also consistent in many ways completely with Lewis. Because in the United States versus Lewis, the Supreme Court made a decision. Not made a decision, but it interpreted Congress's intent. And so the Congress intended 922G, these gun laws, to be not based on the liability necessarily, but to be prophylactic and to not allow felons to possess firearms. And the Supreme Court inspecifically said that Congress was looking at the category of being a felony. It wasn't looking at conduct. I mean, in Lewis, we don't know if he committed this crime or not. He wasn't represented by a lawyer. So, you know, arguably, he might have been innocent had he had a lawyer. I don't know if he committed the crime or not. He, you know, was found guilty but without legal counsel. The point wasn't to look at the conduct or the behavior. The risk was seen as being a felon. That felons, maybe associated with other felons for whatever reason, Congress determined that was the risk, that category. And the Supreme Court expressly said it was congressional intent that before you possess a gun, you get rid of that category that you're in of being a felon. That if a felon wants to possess a gun, that felon needs to clear himself from being a felon first. Is that a hard process? To clear yourself from being a felon? For Mr. Thompson and Mr. McFadden, it wouldn't have been hard at all because, in fact, Aguilar had decided that their conviction was unconstitutional and they needed to go to court and get it lifted before they got a gun. When Mr. Thompson possessed this gun, he believed himself to be a felon and he knew felons couldn't possess guns. If he had wanted to possess a gun, he should have looked into his status as a felon, but he would have had to go to court. I'm not familiar with the state court procedures, but as a practical matter, it shouldn't have taken a lot of effort because he would have had to go into the court and show Aguilar, and I believe actually that more recently he is in the process of doing that. I suppose when you're going in and doing that, you don't want to admit you already have a gun. That's probably true. But, yeah, you shouldn't have a gun if you're still a felon. This is consistent with the idea that this should go to state court to get the state offenses taken care of rather than the federal court. Exactly. And it's also consistent, the whole fact that this is really a question of congressional intent, of legislative intent, explains why you can be convicted of being a felon in possession and still not have that prior felony conviction used in aggravation of your criminal history category. Because in the context of the sentencing guidelines, the intent was that it not be used against you. In the context of the statute, Congress came to a different conclusion. So, really, the argument here, as the Supreme Court of Illinois said, is not with, you know, basically. So Lewis really is. Excuse me? Lewis really is very important in this case, isn't he? You used the word somewhat before, and I was kind of startled by that. Yeah, Lewis is controlling. Lewis says what the purpose of the statute is. Yes. In Congress here, not worrying about plain language, but purpose, it says this is the purpose of the statute. Yes. It took convicted, and then it said, we believe the plain language of a conviction here in the context. For example, they said, you know, there were other provisions where if it was held unconstitutional in this statute, the conviction wouldn't count in other provisions, but not in the text of this particular provision. So they say, we know, Congress knows how to get rid of this. And they looked at the other provisions, and they said, reading this on the plain language of the whole provision, the plain language says conviction includes even one later invalidated or prior invalidated. However, it also looked at the legislative intent as well. And, Your Honor, every case, every case, including Lee by this court and numerous others out of other circuits, have interpreted Lewis. There are cases where someone was mistakenly convicted as an adult when they were, in fact, a juvenile. It's still sustained. By any chance, are you aware of any attempt to amend the statute since Lewis loses an old case? No, Your Honor. I mean, Lewis has been around a while. And these cases have been around a while. That's why, at the end of the day, this really isn't an open question. It's pretty much a well – and take, you know, from my perspective, I didn't know the answer when I took this case on, to be perfectly honest. We searched it. It's a closed question. I don't think that the court has – I mean, I think it's been decided, unless you're going to go against your own precedent or really against the plain language of Lewis. The conviction and sentence in this case should be affirmed. So unless the court has any other questions. Thank you. Thank you, Counsel. Ms. Beville. Respectfully, you don't have to go against your own precedent in order to find for the appellant in this case. What I'm asking the court to do is to take a closer look at Lewis and the fact that it is distinguishable by the fact that the underlying predicate felony was not declared void ab initio. And that is not a state court doctrine. It's a legal doctrine. I cite cases in my brief, including U.S. Pointing Currency and United States v. Johnston, which are United States Supreme Court cases, that certainly recognize that. As Counsel mentioned in Lewis, one of the issues was that there was no modifier before the term conviction. So if Congress wanted to, they would have included collateral tax or unconstitutional convictions. But if we're taking that tack, and we should really look at the plain language, we should also look at the plain language of void ab initio. The government wants to read into void ab initio this notion that it's void, but not until you actually vacate your conviction. Those contradicting principles should certainly not be upheld. And even in McFadden, which was the Illinois Supreme Court case, there was a dissent in that case. And the dissenting judge talked about the doctrine and the fact that if we are going to give credence to its plain language, that's how it should be interpreted. Void ab initio means as if it never existed. Counsel also talked about the fact that Mr. Thompson could have gone back to court and vacated his prior conviction. The case law indicates, thus far anyway, that that should be done prior to his arrest in this case. Maybe he would have done that if he had received any type of notice. Again, it's a rare situation that an entire statute is declared void. And in those cases, the judiciary, in essence, fixes the problem of the legislative statute. But if there's no notice to the citizen, I don't know how he would know that he should go and vacate this prior. Given all these factors, and given what we would submit is just an inherent unfairness against citizens who are being punished by statutes that were held not to be criminal based on conduct that was ultimately found not to be criminal, and the fact that the government certainly has other options and other statutes with which to prosecute them, we're asking you to reconsider Lewis, find it distinguishable based on the void ab initio doctrine, and vacate the conviction and sentence in this matter. Thank you. Ms. Pavley, you took this case by appointment, and we thank you very much for accepting it. Thank you. Thanks to both counsel, and the case is taken under advice.